UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JIMMY L. WILHITE<br>    LA. DOC #455504<br>VS. | CIVIL ACTION NO. 3:15-cv-0064<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| TIM KEITH, WARDEN, WINN<br>CORRECTIONAL CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Pro se petitioner Jimmy L. Wilhite, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on January 12, 2015. Petitioner attacks his 2006 convictions for molestation of juveniles and the hard labor sentences imposed thereafter by the Fourth Judicial District Court Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the petition be deemed second and successive and that it be **TRANSFERRED** to the Fifth Circuit Court of Appeals for further proceedings.

*Background*

On May 24, 2006, petitioner was convicted of two counts of molestation of juveniles. He was thereafter sentenced to serve consecutive sentences of 15 years on each count. He appealed his convictions to the Second Circuit Court of Appeals arguing two assignments of error: (1) insufficiency of the evidence and (2) improper introduction of the videotaped interviews of the juvenile victims.  On June 20, 2007, the Second Circuit Court of Appeals affirmed his convictions and sentences; his motion for rehearing was deemed untimely and not

considered and notice of that fact was apparently forwarded to petitioner and his attorney on July 18, 2007. *State of Louisiana v. Jimmy L. Wilhite*, 42, 213-KA (La. App. 2 Cir. 6/20/2007), 961 So.2d 565. Petitioner's *pro se* application for writs to the Louisiana Supreme Court was denied on January 25, 2008. *State of Louisiana v. Jimmy L. Wilhite*, 2007-1824 (La. 1/25/2008). According to petitioner, he did not receive a copy of the Supreme Court's judgment.

Two years later, sometime in January 2010, petitioner wrote a letter to the Louisiana Supreme Court inquiring about the status of his writ application; on or about February 8, 2010, he was advised that his writ application on direct appeal had been denied two years earlier. On January 27, 2012, petitioner filed an application for post-conviction relief in the Fourth Judicial District Court. On June 18, 2012, the District Court denied the application as untimely. Petitioner sought review in the Second Circuit Court of Appeals where his writ application was assigned Docket Number KH 12-47753. On September 13, 2012 his writ application was denied and he was provided notice of judgment. He thereafter sought writs in the Louisiana Supreme Court and on March 15, 2013, his post-conviction writ application was denied as untimely pursuant to La. C.Cr.P. art. 930.8. *State of Louisiana ex rel. Jimmy Wilhite v. State of Louisiana*, 2012-2352 (La. 3/15/2013), 109 So.3d 379.

Petitioner filed a petition for writ of habeas corpus in this Court on January 23, 2014. Petitioner invoked jurisdiction by way of 28 U.S.C. §2254 and attacked his 2006 convictions for molestation of juveniles. On May 9, 2014, the petition was dismissed as time-barred and a Certificate of Appealability (COA) was denied. *See Jimmy L. Wilhite v. Tim Keith, Warden*, No. 3:14-cv-0114 at Doc. 1 (petition), Doc. 7 (report and recommendation), Doc. 9 (judgment) and Doc. 10 (denial of COA). He did not appeal.

On January 12, 2015, he filed the instant petition. Petitioner once again attacks the 2006 convictions for molestation of juveniles arguing that the bill of information was defective and therefore his current sentence is illegal, and, that the time limitations for institution of prosecution were violated thus depriving petitioner of his right to a speedy trial.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the second petition for *habeas corpus* filed by this petitioner. The petition attacks the same convictions which were the subject of his first petition. "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell,* 324 F.3d 833. Petitioner's claims could have been raised in his first petition, and, his first petition was dismissed with prejudice as time-barred. Therefore, this petition is successive.[1] Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

---

[1] Although a dismissal based on the statute of limitation does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re: Flowers*, 595 F.3d 204, 205 (5th Cir.2009) (*per curiam* ).

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed

legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, March 25, 2015.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**